### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

DARREN KENDALL DUNCAN, #306374,

        Petitioner,

v.                         CIVIL ACTION NO. 2:05cv392

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

On August 10, 2001, Petitioner, Darren Kendall Duncan ("Duncan"), was found guilty in a bench trial,[1] in the Circuit Court for the County of Lancaster, Virginia ("Circuit Court"), of four (4) counts of distribution of crack cocaine (first offense)

---

[1] Duncan was represented at trial by court-appointed counsel, Francis A. Burke, Esq. ("Burke").

and two (2) counts of conspiracy to distribute crack cocaine.[2]
Duncan was sentenced[3] to serve sixty (60) years in prison, of which
forty-seven (47) years and eleven (11) months were suspended, as
reflected in the Court's Sentencing Order entered on February 8,
2002.

On February 22, 2002, Duncan noted his appeal[4] to the Court of

---

[2]Duncan was originally indicted on nine (9) counts: five (5)
counts of distribution of crack cocaine (second or subsequent
offense); three (3) counts of conspiracy to distribute cocaine; and
one (1) count of distributing cocaine to a minor, or causing a
minor to assist in the distribution of cocaine. At trial, Duncan
did not present evidence on his behalf. At the conclusion of the
Commonwealth's case, however, defense counsel moved the court to
dismiss the indictment for one (1) of the distribution charges
because the testimony presented in support of that indictment did
not correspond with the entire date range in the indictment. The
court denied this motion, but dismissed three (3) of the other
charges as unsupported by the evidence because a prosecution
witness had refused to testify. The Court also granted a motion by
the Commonwealth to strike the "second or subsequent" aspect of the
four (4) remaining counts of distribution. The court then found
Duncan guilty of the remaining six (6) counts. The court entered
the written verdict on September 7, 2001.

[3]The sentencing hearing was held on January 1, 2002. The court
sentenced Duncan to ten (10) years each for the six (6) charges.
The court suspended the entire ten (10) year sentence for two (2)
counts of distribution and for both counts of conspiracy. The
court also suspended seven (7) years and four (4) months of a third
count of distribution.

[4]Burke represented Duncan for this appeal. This appeal alleged
essentially the following claims:
    (1) The trial court erred in denying Duncan's motion to
dismiss the indictment that charged Duncan with having committed
the crime of distribution of crack cocaine in a range of dates from
October, 1999, to October, 2002, when the evidence showed that
Duncan did not meet the person to whom he was supposed to have
distributed until May, 2000.
    (2) The trial court erred in overruling Duncan's objection to
the use of revised sentencing guidelines, not provided to Duncan
until the day of sentencing, and in allowing the Commonwealth,

2

Appeals of Virginia ("Court of Appeals"), which denied[5] the appeal on the merits on August 22, 2002.  No. 0450-02-2.  On September 25, 2002, Duncan noted his appeal to the Supreme Court of Virginia.  In conjunction with the notice of appeal, Duncan's counsel, Burke, filed a motion to withdraw as counsel and a motion for an extension of time for Duncan to perfect his appeal.  The appeal was not perfected because, on October 16, 2002, the Supreme Court of Virginia denied both the motion for Burke to withdraw and the motion for Duncan to have an extension of time.

On April 21, 2003, Duncan filed a <u>pro se</u> petition for a writ of habeas corpus in the Supreme Court of Virginia, alleging ineffective assistance of counsel and denial of his right to file

---

without notice to defense counsel, to instruct the probation officer, to add sixty (60) points to said guidelines, thereby enhancing the punishment by five (5) years.
    (3) The trial court erred in allowing testimony from convicted felons and co-conspirators, without physical evidence, to establish a specific quantity of cocaine, thereby increasing the guidelines sentencing range by five (5) years.

[5]The Court of Appeals held that when time is not an element of the crime charged, the Commonwealth only has to prove beyond a reasonable doubt that the crime occurred within the time frame specified within the indictment, and because the Commonwealth met this burden, the trial court did not err in denying Duncan's motion to strike the indictment.  The Court of Appeals held further that the trial court did not err in using amended sentencing guidelines because the court continued the sentencing proceeding to allow Duncan to review them; additionally, the sentencing guidelines are not binding, so failure to follow them is not an issue for appeal. Finally, the Court of Appeals found that the trial court did not abuse its discretion in using testimony from convicted felons and co-conspirators to establish the quantity of cocaine used in the sentencing calculation.

his "second-tier" appeal to the Supreme Court of Virginia.[6]   On October 2, 2003, the court granted the writ[7] "with leave . . . to file a notice of appeal and to apply to [the Supreme Court of Virginia] for an appeal from the order entered on August 22, 2002[,] by the Court of Appeals of Virginia."   No. 030947. Further, the court stated that "all computations of time as required by the rules of this Court and applicable statutes shall commence on the date of entry of th[e] order [granting the writ, October 2, 2003,] or [the date counsel for the appeal is appointed,] whichever date shall be later."

Duncan was appointed counsel[8] for his appeal on November 14, 2003, and noted his appeal on December 10, 2003.  Duncan filed his appeal[9] with the Supreme Court of Virginia, which was refused "upon

---

[6]According to the Memorandum of Law accompanying the petition, Duncan wanted to file an appeal because he "recieved [sic] a letter that [Duncan] believed showed bias on the part of wittnesses [sic] in the case and . . . counsel fe[lt] that this was not the proper grounds for error for an appeal."  Memorandum of Law, Duncan v. Commonwealth, No. 306374, slip op. at 2 (Va.  Apr. 21, 2003) ("Memorandum Accompanying State Habeas Petition").   In this Memorandum, Duncan acknowledged that Burke advised Duncan of Burke's intent to withdraw as counsel, and his intention to request an extension of time for Duncan to file a pro se appeal.  Id.

[7]This decision did not specifically address Duncan's allegations of ineffective assistance of counsel.

[8]Burke was again appointed as Duncan's counsel.

[9]Duncan was assisted by counsel in the filing of the brief. This brief alleged the same three (3) claims presented to and dismissed by the Court of Appeals, see supra, note 4.  This brief was completed in accordance with the requirements of Anders v. California, 386 U.S. 738 (1967) (holding that if after advice of counsel, a defendant wants to file an appeal that counsel considers

to be "wholly frivolous," counsel must file said appeal and request permission to withdraw as counsel).  In conjunction with the brief, Burke filed a Motion to Withdraw as Counsel of Record and a Motion for Extension of Time to File Appeal, to allow Duncan the opportunity to file a _pro se_ supplemental petition.

On January 13, 2004, the Supreme Court of Virginia granted the Motion for Extension of Time to File Appeal, allowing Duncan an additional thirty (30) days in which to file a _pro se_ supplemental petition.  The court granted Burke's motion to withdraw in its June 25, 2004, opinion refusing the appeal.  On February 4, 2004, Duncan filed his _pro se_ brief containing the following three (3) "questions presented":

> 1.  When the evidence used only supported one (1) conviction, what was the direct or circumstantial evidence to convict the defendant of the remaining three (30 [sic] convictions, sale for profit schedule I or II drugs?
> 2.  Can speculation or surmise evidence convict the defendant without introduction of sufficient showing of drugs or currency?
> 3.  Why would counsel for defendant address an issue in his client's appeal, when the [Va.] Code [Ann.] § 19.2-298.01(F), [Use of Discretionary Sentencing Guidelines,] clearly establish[es] [the] fact [that] any or all of the provisions of [Va. Code Ann.] § 19.2-298.01, shall not be reviewable on appeal or [the] basis of any other post[-]conviction relief?

Petition for Appeal (Suppelemental) [sic], _Duncan v. Commonwealth_, No. 030947, at 8 (Va. Feb. 4, 2004) ("_Pro Se_ Petition").

The Court notes that the _Anders_ procedures are only mandated for a defendant's first appeal (as of right), _Anders_, 386 U.S. at 739, because they are designed to give effect to the due process right to counsel during "the first appeal as of right."  _Douglas v. California_, 372 U.S. 353 (1963); _Pennsylvania v. Finley_, 481 U.S. 551, 559 (1987):

> States have substantial discretion to develop and implement programs to aid prisoners seeking to secure postconviction review. . . . [After] trial and first appeal as of right, . . . the Constitution does not put the State to the difficult choice between affording no counsel whatsoever or following the strict procedural guidelines annunciated in _Anders_.

. . . consideration of the <u>entire record</u>," as raising "no legal issues arguable on their merits" on June 25, 2004.  No. 032806 (emphasis added).  Duncan did not file an appeal with the United States Supreme Court nor did he file a second state petition for habeas corpus after his conviction became final.

On June 20, 2005, while in the custody of the Virginia Department of Corrections at the Haynesville Correctional Center, Duncan executed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[10]  ("Federal Petition").  The

---

<u>Id.</u>; <u>see also</u> <u>Evitts v. Lucey</u>, 469 U.S. 387, 396-97 (1985) (extending the Sixth Amendment right to effective assistance of counsel to encompass "first appeal[s] as of right" based on <u>Anders</u> and <u>Douglas</u>); <u>Ross v. Moffitt</u>, 417 U.S. 600, 610, 612 (1974) (holding that neither the due process nor the equal protection clause requires states to appoint counsel for indigent defendants seeking discretionary review).

[10]This petition was accompanied by a request to proceed <u>in forma pauperis</u>.  The petition was postmarked June 21, 2005, was received by the United States District Court for the Eastern District of Virginia, Richmond, on June 23, 2005, and was conditionally filed with this Court on June 28, 2005.  On June 5, 2005, this Court requested Duncan's prisoner account report.  This Court received that report on July 13, 2005.  On July 20, 2005, the Court entered an Order denying Duncan's request to proceed <u>in forma pauperis</u>, and ordering him to remit the $5.00 filing fee within thirty (30) days of the Order.  The Court received the filing fee on August 1, 2005.
   The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004.  As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions.  Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions.  In this case, as there is no evidence in the record to the contrary, the Court will assume that Duncan delivered his federal habeas petition for mailing on the date he signed it, June 20, 2005.  Further, the Court considers Duncan's petition as filed,

Court conditionally filed this petition on June 28, 2005.   On
August 1, 2005, Duncan submitted the $5.00 filing fee, and on
August 3, 2005, the Court filed his petition.   On September 2,
2005, Respondent filed his Rule 5 Answer and Motion to Dismiss
accompanied by a supporting memorandum and a Notice of Motion
Pursuant to Local Rule 7(J).[11]  On September 20, 2005, Duncan filed
his Brief in Opposition [to Respondent's Motion to Dismiss].[12]

## B. Grounds Alleged

Duncan now asserts in this Court that he is entitled to relief
under 28 U.S.C. § 2254 for the reasons substantially as follow:

(a)   The Commonwealth failed to prove contemporaneous
      possession and intent to distribute cocaine in
      violation of the Fourteenth Amendment.

(b)   Duncan was denied his Fourteenth Amendment rights
      because the Commonwealth failed to prove the weight
      of narcotics, an essential element required to
      support the felony conviction for conspiracy.

(c)   The Commonwealth failed to disclose impeachment
      perjury evidence in violation of "Virginia Article
      I, § 8" and the Fourteenth Amendment.

_____

for statute of limitations purposes, on that date.

[11]The Court notes that Respondent's Notice of Motion
erroneously referred to the Local Rule 7(J), instead of Local Civil
Rule 7(K), but the Notice complied with the requirements of
Roseboro v. Garrison, 582 F.2d 309 (4th Cir. 1975).  This included
advising Duncan that he had twenty (20) days in which to file a
response to the Motion to Dismiss.

[12]This Brief was received by the Court on September 22, 2005.
The Court notes that in this brief Duncan "move[d] for a plenary
hearing."  Brief in Opposition, at 2.  The Court construes this as
a motion for an evidentiary hearing, which the Court denies, infra.

(d)   Counsel was ineffective in violation of the Sixth
      Amendment for failure to raise "other meritorious
      issues at trial and on appeal."

## II. <u>PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING</u>

As a preliminary matter, the Court considers Duncan's request for an evidentiary hearing. <u>See</u> Brief in Opposition, at 2, 4. The Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. <u>See</u> Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, the Court DENIES Duncan's motion for an evidentiary hearing.

## III. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

The Court FINDS that claims (c) and (d) are procedurally defaulted before this Court. The Court further FINDS that one of the two subclaims of claim (b) is procedurally defaulted, requiring this Court to address claim (a), plus the remaining subclaim of claim (b) on the merits.[13]

---

[13]The Court notes that Respondent has not addressed whether Duncan's petition was timely filed. Because Duncan was granted leave to file a late appeal to the Supreme Court of Virginia, Duncan's conviction did not become final until September 23, 2004, ninety (90) days after the denial of his appeal on June 24, 2004, by the Supreme Court of Virginia, and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired. <u>See</u> U.S. Sup. Ct. R. 13(1); <u>Harris v. Hutchinson</u>, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Accordingly, Duncan had a one (1) year statute of limitations from that date, or until September 23, 2005, in which to file his appeal with this Court. 28 U.S.C. § 2244(d)(1). Because the instant petition was considered as filed on June 20, 2005, for statute of limitations purposes, it was timely filed in this Court.

## A.  __Procedural Default__

In order for this Court to address the merits of this habeas petition, all of Duncan's claims must be exhausted. <u>See</u> 28 U.S.C. § 2264(a); 28 U.S.C. § 2254(b).  The exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." <u>Pruett v. Thompson</u>, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), <u>aff'd</u> 996 F.2d 1560 (4th Cir. 1993).  Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings.  <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844 (1999) (citing <u>Brown v. Allen</u>, 344 U.S. 443, 447 (1953)); <u>see also</u> <u>Skipper v. French</u>, 130 F.3d 603, 610 n.4 (4th Cir. 1997).  In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." <u>Matthews v. Evatt</u>, 105 F.3d 907, 910-11 (4th Cir. 1997) (internal quotations omitted).  "[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court," <u>Matthews</u>, 105 F.3d at 911; such claims are treated as procedurally defaulted and barred from this Court's review.  <u>Clagett v. Angelone</u>, 209 F.3d 370, 378-79 (4th Cir. 2000).

Respondent has asserted that all of Duncan's claims are

exhausted and procedurally defaulted: claims (a), (b), and (c) because they were not raised on direct appeal, and claim (d) because it was not raised in a state habeas petition. Brief in Support of Rule 5 Answer and Motion to Dismiss, at 3 ("Respondent's Brief"). The Court will address procedural default for each claim separately.

### 1. Claim (a)

Duncan has alleged, as claim (a), that the Commonwealth failed to prove contemporaneous possession and intent to distribute cocaine in violation of the Fourteenth Amendment. In support of this claim, Duncan stated:

> On [sic] order for [a] dafendant [sic] to be convicted of possession of [a] controlled substance with intent to disrtibute [sic], [the] Commonwealth must prove that [the] defendant possessed [the] controlled substance contemporaneously with his intention to distribute that substance. Evidence was insufficient to sustain or prove [Duncan's] conviction. The existence of intent cannot be [based] upon speculation or surmise by circumstantial evidence.

Federal Petition, at 6 (citations omitted). In the statement of facts for his pro se appellate brief to the Supreme Court of Virginia, Duncan stated:

> While intent may be shown by circumstantial evidence, the existence of intent cannot be [based] upon speculation or surmise.
> In order for a defendant to be convicted of possession of a controlled substance with intent to distribute, the Commonwealth must prove that the defendant possessed the

> controlled substance.
>       The Commonwealth did not prove this
> defendant <u>possessed</u> the controlled substance
> [testified    to    by]    the    Commonwealth
> witness[es].

<u>Pro Se</u> Petition, at 10 (emphasis in original).  Further, in his

argument section of that petition, Duncan asserted that "the

Commonwealth's witness [sic] as evidence was insufficient." <u>Id.</u> at

13.

     In support of the instant petition, Duncan has cited the

following cases: <u>Stanley v. Commonwealth</u>, 12 Va. App. 867 (1991);

<u>Adkins v. Commonwealth</u>, 217 Va. 437 (1976); and <u>Bentley v. Cox</u>, 508

F. Supp. 870 (E.D. Va. 1981).  Federal Petition, at 6.  In his <u>pro</u>

<u>se</u> petition filed with the Supreme Court of Virginia, Duncan cited

these same cases, which appear to address the issues of

"possession" and "intent to distribute" as set forth in Duncan's

claim (a).[14]  <u>Pro Se</u> Petition, at 3, 10, 11.  Therefore, for claim

(a), the Court finds that Duncan did "fairly present" the

"operative facts" and "controlling legal principles" for this claim

to the highest state court.   <u>See Matthews</u>, 105 F.3d at 910-11.

Consequently, this claim was properly exhausted and is not

procedurally defaulted before this court.  The Court will address

this claim on the merits, <u>infra</u>.

_____

     [14]The Court finds, however, <u>infra</u>, in adjudicating this claim
on the merits that these cases are not relevant to Duncan's
conviction because he was charged with "distribution," not with
"possession with intent to distribute."

## 2.  Claim (b)

The Court next addresses claim (b).  This claim actually consists of two subclaims.  Duncan asserts that there was insufficient evidence of the amount of the drugs at issue to support a felony conviction for conspiracy, Federal Petition, at 7; the Court will consider this as claim (b)(1).  Duncan also asserts that there was insufficient evidence of an agreement to support the conspiracy convictions, Federal Petition, at 7; the Court will consider this as claim (b)(2).  Respondent only addresses claim b(1), and asserts that this claim is procedurally defaulted because Duncan only previously raised the issue of the quantity of drugs as a sentencing issue, and not, as he does now, as a <u>conviction</u> issue. Respondent's Brief, at 2 (emphasis in original).  In the Supreme Court of Virginia Brief, prepared with the assistance of counsel, Duncan did attack the use of "convicted felons and co-conspirators . . . to establish a specific quantity of cocaine, thereby increasing the guideline sentencing range by 5 years."  Petition for Appeal, <u>Duncan v. Commonwealth</u>, No. 032806, slip op. at 6 (Va. Dec. 10, 2003) ("Counsel-Assisted Petition").  However, as one (1) of the claims in his <u>pro se</u> petition, Duncan specifically attacked the Commonwealth's use of only one (1) certificate of analysis to establish the content and weight of the substance Duncan sold to three (3) of the witnesses that was used "to <u>convict</u> defendant" of the related charges.  <u>Pro Se</u> Petition, at 11-12 (emphasis added).

12

Consequently, this Court finds that claim b(1), that the Commonwealth failed to prove the weight of the narcotics to support a felony conviction for conspiracy, was properly exhausted because it was fairly presented to the Supreme Court of Virginia, see Matthews, 105 F.3d at 910-11. The Court will address this claim, infra, on the merits.

Regarding claim b(2) of the instant petition, although Duncan appears to concede that "[t]he evidence would have been sufficient to support a felony conviction if the Commonwealth had proved the quantity involved in the 'transactions' made pursuant to the agreement," Federal Petition, at 7, this appears to be intended as an additional assertion that the evidence was insufficient to show the existence of an agreement as a necessary predicate. Id. In neither his counsel-assisted petition nor his pro se petition did Duncan raise the issue of the lack of evidence to show "agreement." Further, in the instant petition Duncan cites cases[15] that were not mentioned in either of his previous petitions, and which address the agreement element of conspiracy. Therefore, the Court finds that Duncan did not "fairly present" the "operative facts" and "controlling legal principles" for claim b(2), see Matthews, 105 F.3d at 910-11, in arguing that the evidence was insufficient to show an agreement for the conspiracy counts. Consequently, this

---

[15]Graves v. Commonwealth, 234 Va. 578 (1988); Poole v. Commonwealth, 7 Va. App. 510 (1988).

13

assertion would now be procedurally barred if presented to the state court, and, as a result, while this claim is properly exhausted, it is also procedurally barred from this Court's review. See Clagett, 209 F.3d 370 at 378-79; Matthews, 105 F.3d at 911.

### 3.  Claim (c)

The Court next addresses claim (c), that "[t]he Commonwealth knowingly used nondisclosure [sic] of impeachment perjury evidence."[16]  Habeas Petition, at 9.  As stated by Respondent, this claim was not raised on direct appeal,[17] Respondent's Brief, at 3, nor was it presented to the Supreme Court of Virginia through the state habeas process.  The Court finds that Duncan's claim (c) in the instant petition is procedurally defaulted in this Court because he failed to fairly present it to the Supreme Court of

---

[16]This claim appears to relate solely to the Commonwealth's duty to disclose impeachment evidence.  See Federal Petition, at 9. In his Brief in Opposition, Duncan asserts that his counsel was ineffective for failing to investigate potential impeachment evidence.  Brief in Opposition, at 3.  Because Duncan has raised a general ineffective assistance of counsel claim, claim (d), the Court construes the assertion that defense counsel failed to investigate impeachment evidence as part of that claim, see infra.

[17]The Court notes that there was a reference to perjury in Duncan's pro se petition: "The only evidnce [sic] against the defendant was testimony of convicted felons as co-conspirators, who perjured testimony as that they did not receive favorable treatment for the testimony."  Pro Se Petition, at 7.  This issue of perjury was raised by counsel at trial and addressed through introduction of two (2) witnesses' plea agreements showing favorable treatment in exchange for testimony.  Transcript, Commonwealth v. Duncan, No. CR01000018-22, CR01000023-25, 26, slip op. at 65-66, 103-044 (Va. Aug. 10, 2001).  Consequently, this impeachment evidence must have been provided to counsel prior to trial, and could not be the basis for this claim.

Virginia.  Were he now to raise claim (c) in the Supreme Court of
Virginia, this claim would be procedurally defaulted under Virginia
law.  <u>See</u> <u>Clagett</u>, 209 F.3d 370 at 378-79.  Thus, Duncan's claim
(c) in the instant petition is also properly exhausted, but is
procedurally defaulted before this Court as well.  <u>See id</u>;
<u>Matthews</u>, 105 F.3d at 911.

### 4.  Claim (d)

Finally, the Court addresses claim (d), that counsel was
ineffective generally "for fail[ing] to raise meritorious issues at
trial and on appeal."  Federal Petition, at 11.  Duncan provided
the following as the supporting facts in the instant petition for
claim (d):  "On June 25, 2004, the Supreme Court of Virginia
allowed appellate counsel to withdraw, refusing the petition for
appeal without appointment of additional counsel"; the Court
considers this as claim (d)(1).  In his Brief in Opposition, Duncan
added that defense counsel was ineffective for failing to interview
witnesses and raise objections regarding perjured and inconsistent
statements,  Brief in Opposition, at 3; the Court considers this as
claim (d)(2).

As discussed <u>supra</u>, Duncan filed a state habeas petition
alleging ineffective assistance of counsel relating to counsel's
failure to perfect an appeal to the Supreme Court of Virginia.
Petition for Writ of Habeas Corpus, <u>Duncan v. Director</u>, No. 030947
(Va. Apr. 21, 2003) ("State Habeas Petition").  That petition could

not address claim (d)(1), however, that counsel was ineffective in
withdrawing during the filing of the appeal filed <u>after</u> the writ
was granted, and did not address claim (d)(2), regarding counsel's
failure to investigate and object to the use of perjured and
inconsistent statements.[18]  Although the Supreme Court of Virginia
did not specifically address the ineffective assistance of counsel
allegation included in Duncan's state habeas petition, the court
did grant the writ, allowing Duncan to then file an appeal to the
Supreme Court of Virginia.  After the appeal was dismissed, Duncan
had until September 23, 2005, to file a state habeas petition, but
did not do so.[19]  In the instant petition, Duncan acknowledges that

---

[18]Duncan did assert in that petition that counsel was
ineffective for failing to file an appeal regarding the "bias" of
witnesses.  Memorandum Accompanying State Habeas Petition, at 2.
However, the burden is on the petitioner to demonstrate his claims
have been exhausted, <u>see</u> <u>Mallory v. Smith</u>, 27 F.3d 991, 994 (4th
Cir. 1994), and Duncan has not even attempted to demonstrate that
his prior claim of ineffective assistance of counsel for failing to
appeal on the basis of witness "bias" provided the Supreme Court of
Virginia the opportunity to fully and fairly review the ineffective
assistance of counsel claim that Duncan now presents regarding
counsel's alleged failure to "suppress and object to . . .
purjuried" [sic] and "inconsistent statements."  Brief in
Opposition, at 3.

[19]"A habeas corpus petition attacking a criminal conviction or
sentence . . . shall be filed within two years from the date of
final judgment in the trial court or within one year from either
final disposition of the direct appeal in state court or the time
for filing such appeal has expired, whichever is later."  Va. Code
Ann. § 8.01-654(A)(2).  In this case, the date of final judgment in
the trial court was February 8, 2002, and the final disposition of
Duncan's direct appeal in the state court was June 25, 2004, when
the Supreme Court of Virginia refused the appeal.  Unlike the
federal habeas statute, which has been interpreted as allowing a
90-day grace period for seeking certiorari in the United States

he could only raise ineffective assistance of counsel allegations through the habeas process (and not direct appeal), Federal Petition, at 12; Brief in Opposition, at 2, but he offers no explanation as to his failure to file a second state habeas petition after the dismissal of his appeal or his failure to include his allegations regarding impeachment and inconsistent statements in the first state petition.

Because Duncan's claim (d)(1), that counsel was ineffective for withdrawing during the filing of his appeal with the Supreme Court of Virginia, could have been presented in a state habeas petition, but was not, this claim was not exhausted.[20] Further, because Duncan could have raised his claim (d)(2), regarding the inconsistent statements and perjury, in his state habeas petition, that claim was not exhausted. The Court finds that both claim (d)(1) and claim (d)(2) in the instant petition are procedurally

_____

Supreme Court as part of the "direct appeal" process, the direct appeal process under the Virginia statute ends with the Supreme Court of Virginia. Thus, Duncan had until June 25, 2005, one (1) year from the final disposition of his direct appeal, in which to file a state habeas petition for it to be considered timely. Duncan is now outside of that window and would now be procedurally barred from filing a state habeas petition.

[20]Duncan suggests that his appeal to the Supreme Court of Virginia was refused either because counsel moved to withdraw or because counsel initially failed to file that appeal. See Brief in Opposition, at 2. The Court notes that the appeal was refused on the merits, Duncan v. Commonwealth, No. 032806 (Va. June 25, 2004), consequently, even assuming counsel had failed to comply with procedural rules in the filing of the appeal, this had no prejudicial impact on Duncan's appeal.

barred from this Court's review because he failed to properly present them to the Supreme Court of Virginia through the state habeas process.  Were he now to raise these claims in the Supreme Court of Virginia, these claims would be procedurally defaulted under Virginia law.  See Clagett, 209 F.3d 370 at 378-79.  Thus, Duncan's claims (d)(1) and (d)(2) in the instant petition are properly exhausted, but procedurally defaulted before this Court as well.  See Matthews, 105 F.3d at 911.

Based on the foregoing, the Court FINDS that all of Duncan's claims qualify as having been exhausted, but the Court also FINDS that claims b(2), (c), and (d) must be treated as procedurally defaulted under Virginia law and are therefore barred from this Court's review.  Thus, this Court will address only claims (a) and (b)(1) on the merits.

## B. Limited Exceptions to Procedural Default

Although Duncan's claims (b)(2), (c) and (d) are procedurally defaulted, he may still obtain review of his claims if he can establish either: (1) cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he was convicted.  Clagett, 209 F.3d at 379 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999).

Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause"
> include: (1) "interference by officials that
> makes compliance with the State's procedural
> rule impracticable"; (2) "a showing that the
> factual or legal basis for a claim was not
> reasonably available to counsel"; (3) novelty
> of the claim; and (4) constitutionally
> ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

Duncan has attempted to provide explanations for why these claims were not presented on appeal. Duncan asserts that all of claim (b) was actually presented on appeal. Federal Petition, at 7. For claim (c), he states that it "was not argued in the petition for appeal to the Supreme Court of Virginia, due to withdrawal of counsel and refusal to appoint additional counsel by the court." Federal Petition, at 12. For claim (d), he states that "[t]he claim of Ineffective Assistance of Counsel was not cognizable on direct appeal." Id. In his Brief in Opposition, Duncan states he could not raise claims (b), (c), and (d) on appeal because counsel did not "preserve them for consideration on appeal," Brief in Opposition, at 2, but he does not explain why he

19

did not address claims (b)(2), (c), and (d) either in his state habeas petition, or by filing a petition after his appeal was denied.

In this case, none of the above-referenced factors support a finding of cause.  First, Duncan has failed to make an adequate showing that action by the government prevented him from raising the issues in his petition with the state court.  See Smith v. United States, 2005 WL 2657386 at *2 (E.D. Va.)  As stated supra, the Supreme Court of Virginia allowed Duncan an additional thirty (30) days in which to file a pro se brief, Duncan v. Commonwealth, No. 032806 (Va. Jan. 13, 2004), and he did so, raising three (3) issues for the appeal.  Duncan does not explain how the absence of counsel affected his ability to include claims (b)(2) and (c) at that time.  Further, Duncan does not claim that the government prevented him from raising claims (b)(2), (c), and (d) in a second state habeas petition.

Second, Duncan has not shown that other than the portion of claim (d) dealing with his counsel moving to withdraw during the appellate process, he was unaware of the facts underlying claims (b)(2), (c), and (d) at the time of his sentencing.  See id.  After Duncan's counsel notified him during the appeal process of his intent to withdraw, Duncan had a full year in which to raise this issue through a state habeas corpus petition.  Third, Duncan does not make any assertion of a new rule of law.

20

Fourth, Duncan cannot establish cause by asserting ineffective assistance of counsel for claim (d) because there is no constitutional right to counsel for collateral attacks. <u>Weeks</u>, 4 F. Supp. 2d at 511-12. Duncan does appear to assert that his counsel was ineffective for claim (c) due to his withdrawal during the filing of the appeal to the Supreme Court of Virginia. Because counsel complied with the requirements of <u>Anders</u> in filing the appellate brief and moving to withdraw as counsel, however, "counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984). Duncan also asserts that counsel was ineffective regarding claims (b)(2) and (c) for failing to preserve the issue for appeal, Brief in Opposition, at 2, but has provided no indication of what the impeachment evidence was that was not presented nor what objections defense counsel could have made to preserve these issues for appeal. Therefore, Duncan has failed to make the requisite showing to satisfy the performance prong[21] required under <u>Strickland</u> to establish constitutionally ineffective assistance of counsel. <u>Id.</u> at 690.

In sum, Duncan simply failed to timely raise claims (b)(2), (c) and (d) to the Supreme Court of Virginia. Consequently, Duncan has not established cause for his failure to comply with the

---

[21]Because the performance prong is not met, this Court need not address the prejudice prong of <u>Strickland</u>. <u>See</u> <u>Strickland</u>, 466 U.S. at 697.

applicable state procedural rules.[22]

Additionally, Duncan does not provide any grounds[23] for a determination of prejudice.  He asserts that the Commonwealth failed to provide him all impeachment evidence, Federal Petition, at 9, but does not specify what that evidence was, much less how it would have affected the outcome of his case.  He also has failed to show prejudice for his allegation that counsel failed to investigate the unspecified impeachment evidence.  Further, he has failed to show that the outcome of his appeal would have been different had his counsel not moved to withdraw.

The Court does not consider the "miscarriage of justice" exception.  It is the petitioner's burden to establish the exception, and Duncan has not provided evidence that but for the asserted constitutional errors, no reasonable juror would have

---

[22]Indeed, even were the Court to construe Duncan to argue that he should be excused for his unfamiliarity with the legal system and his pro se status, such factors do not constitute cause because these are not "objective factor[s] external to the defense" under Murray, 477 U.S. at 488.  See, e.g., Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) ("youth and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default"), cert. denied, 537 U.S. 1214 (2003); Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993) (ignorance or inadvertence do not constitute cause to excuse a procedural default); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control).

[23]He merely makes a conclusory statement that he would not have been convicted and given a sixty (60) year sentence.  Brief in Opposition, at 3.

found the Duncan guilty.  See Hazel v. United States, 303 F. Supp. 2d 753, 761 (E.D. Va. 2004) (citing the standard established in Jackson v. Virginia, 443 U.S. 307, 401-02, 429 (1979) (White, J., concurring)).

Accordingly, the Court FINDS that the claims (b)(2), (c), and (d) raised in the instant petition are procedurally barred before this Court, and recommends that those claims should be DENIED.

## C.  **Merits**

The Court now considers claims (a) and (b)(1) on the merits. A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).  In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000).  See also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in §

2254(d), as interpreted by the Supreme Court in <u>Williams</u>[].")
Consequently, "state-court judgments must be upheld unless, after
the closest examination of the state-court judgment, a federal
court is firmly convinced that a federal constitutional right has
been violated." <u>Williams</u>, 529 U.S. at 387.  Moreover, "[a] federal
habeas court may not issue the writ simply because that court
concludes in its independent judgment that the relevant state-court
decision applied clearly established federal law erroneously or
incorrectly.  Rather, that application must also be [objectively]
unreasonable." <u>Id.</u> at 411.

### 1.  Claim (a)

In claim (a) Duncan asserts that the Commonwealth failed to
prove contemporaneous possession and intent to distribute cocaine.
Duncan presented this claim to the Supreme Court of Virginia, which
summarily refused that petition.  Normally, when the Supreme Court
of Virginia summarily refuses a petition for appeal, this Court
"look[s]-through" to the the "last reasoned state-court judgment"
on that claim.  <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803-04 (1991).
In this case, however, Duncan did not include claim (a) in his
prior appeal to the Court of Appeals, so there is no "last reasoned
state-court judgment" at which to look.  The Supreme Court of
Virginia's summary decision is nonetheless an adjudication on the
merits of the claim, and therefore is entitled to deference under
§ 2254(d).  <u>See Bell</u>, 236 F.3d at 158.  Because the Supreme Court

24

of Virginia did not articulate the rationale underlying its rejection of Duncan's claim (a), however, normally this Court must proceed with an independent review of the record and applicable law.  Id.  This review is not de novo; it remains deferential and must be limited to "whether the state court's adjudication of the claims before it was a reasonable one in light of the controlling Supreme Court law."  Id. at 162.  Moreover, while there is no requirement that the federal habeas court "make an independent determination on the merits of the claims," it is "acceptable" for the court to "conclude that the state court decision was correct and, therefore, not an unreasonable application of Supreme Court precedent."  Id. at 162 n.10 (citing Weeks, 176 F.3d 249).

In this case, the Court finds no need to conduct an "independent determination on the merits of the claim[]" because Duncan has failed to state a claim warranting this Court's review. To the extent that claim (a) only involved application of state law, it is not subject to review by this Court.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  In support of claim (a), Duncan has cited three (3) cases, only one (1) of which was decided by a federal court.  All three of these cases relate to convictions under Va. Code Ann. § 18-2.248 for "possess[ion] with intent to . . . distribute," and each involves interpretations of that state law.

25

Bentley v. Cox, 508 F. Supp. 870 (E.D. Va. 1981); Adkins v. Commonwealth, 217 Va. 437 (1976); Stanley v. Commonwealth, 12 Va. App. 867 (1991). Duncan was convicted under this same statute, but his conviction was for "distribut[ion]," not for "possess[ion] with intent to . . . distribute." In Bentley, this Court found that the evidence was inadequate to establish "possession" of the charged drugs. Bentley, 508 F. Supp. at 872. Whether it was proper to infer "possession" from the circumstances decided in that case, see id. at 874, is, therefore, not relevant to Duncan's conviction for "distribution," about which four (4) witnesses provided direct testimony. Similarly, the two (2) state cases prescribe how "intent" can be inferred from the circumstances, Stanley, 12 Va. App. at 869; Adkins, 217 Va. at 440; not only are these cases limited to state-law interpretation, which does not fall within the scope of this federal review, see Estelle, 502 U.S. at 67-68, but they also do not interpret the "distribut[ion]" portion of the statute applicable to Duncan's case, making them, in any event, irrelevant.

Based on the foregoing, this Court FINDS that Duncan has failed to show either that the trial court unreasonably determined the facts in his case or that the trial court unreasonably applied federal law. As such, this Court RECOMMENDS that claim (a) be denied on the merits.

26

## 2.  Claim (b)(1)

As stated, <u>supra</u>, in claim(b)(1), Duncan argues there was insufficient evidence that the weight of the drugs at issue was sufficient to support a felony conviction for conspiracy.  As discussed for claim (a), <u>supra</u>, because the Supreme Court of Virginia summarily refused Duncan's petition for appeal, this Court must "look-through" to the previous decision in the Court of Appeals as the "last reasoned state-court judgment" on this claim. <u>Ylst</u>, 501 U.S. at 803.  Unlike claim (a), however, Duncan addressed the issue of drug quantity in his appeal to the Court of Appeals, which provides a "last reasoned state-court judgment" for this claim.  As stated, <u>supra</u>, to the extent this determination only involved application of state law, it is not subject to review by this Court.  <u>Estelle</u>, 502 U.S. at 67-68.  The Court of Appeals found that the trial court did not abuse its discretion in relying on the testimony of convicted felons and co-conspirators to establish the quantity of cocaine.  <u>Duncan v. Commonwealth</u>, No. 0450-02-2, slip op. at 3 (Va. Ct. App. Aug. 22, 2002).  Although the Court of Appeals' determination related to the amount of drugs used for <u>sentencing</u> rather than the amount of drugs used for the felony <u>conviction</u> raised to the Supreme Court of Virginia and to this Court, Duncan has provided no federal case law to show that the same evidence cannot be relied upon by a court for sentencing

as for conviction.[24]   Further, Duncan provides only one case that even peripherally addresses this issue.[25]   <u>Graves v. Commonwealth</u>, 234 Va. 578 (1988).   As far as proving the amount of the drug at issue for conspiracy, this case simply holds that the Commonwealth must prove the "identity and quantity of the substance contemplated by the agreement."   <u>Id.</u> at 581.   This is consistent with and does not upset the Court of Appeals' finding that the Commonwealth did provide sufficient proof of quantity.   <u>Duncan v. Commonwealth</u>, No. 0450-02-2, slip op. at 3 (Va. Ct. App. Aug. 22, 2002).

Based on the foregoing, this Court FINDS that Duncan has failed to show either that the trial court unreasonably determined the facts in his case or that the trial court unreasonably applied federal law.   As such, this Court RECOMMENDS that claim (b)(1) be denied on the merits.

### IV.   <u>RECOMMENDATION</u>

For the foregoing reasons, the Court, having denied Duncan's

---

[24]In fact, the United States Supreme Court has held that a jury must use the same beyond-a-reasonable-doubt standard required for proving the elements of the underlying crime, to determine all facts, other than prior convictions, used to enhance a defendant's sentence.   <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).   The jury requirement is not applicable to Duncan's case because he waived his Sixth Amendment right to trial by jury.

[25]As stated, <u>supra</u>, text accompanying note 15, Duncan only provided case law addressing the agreement claim.   The other case cited by Duncan, <u>Poole v. Commonwealth</u>, 7 Va. App. 510 (1988), was therefore, not relevant to the sufficiency-of-the-evidence determination for the amount of the drugs involved in the agreement.

request for an evidentiary hearing, recommends that Duncan's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Duncan's claims be DISMISSED WITH PREJUDICE.

Duncan has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).


                                        /s/
_____   _____
                                F. Bradford Stillman
                                United States Magistrate Judge

Norfolk, Virginia

June 28, 2006

<u>Clerk's Mailing Certificate</u>
        A copy of the foregoing Report and Recommendation was mailed
this date to the following:
        Darren Kendall Duncan, #306374
        Haynesville Correctional Center
        P.O. Box 204
        Lancaster, Virginia 22503
        PRO SE

        Eugene Murphy, Esq.
        Senior Assistant Attorney General
        Office of the Attorney General
        900 E. Main Street
        Richmond, Virginia 23219




                                Fernando Galindo,
                                Acting Clerk of Court



                By: _____
                                Deputy Clerk

                                June    , 2006